IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00088-GPG

HAROLD HICKS, III,

    Plaintiff,

v.

MARIA JUREZ (CMRC), Cheyenne Mountain Re-Entry Center,
WARDEN HARTLEY (CMRC),
MS. ASHBY (CMRC),
MS. MAINE (PPMU), Private Prison Monitoring Unit,
PPMU EXECUTIVE DIRECTOR,
RICK RAEMISCH, Executive Director, CDOC, and
LADONA WEBB, Mental Health PPMU,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Harold Hicks, III, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Hicks has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He seeks damages and other relief.

The court must construe the Prisoner Complaint liberally because Mr. Hicks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hicks will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Hicks asserts three claims for relief in the Prisoner Complaint based on events that occurred while he was incarcerated at the Cheyenne Mountain Reentry Center. He first claims his constitutional rights were violated because he was denied religious services on Jewish holidays, he was forced to remove his religious cap on numerous occasions, and "[t]hey repeatedly de[c]imated my religion & my beliefs." (ECF No. 1 at 5.) Mr. Hicks alleges in his second claim that his mental health rights were violated because he was denied medication he had been taking prior to his

incarceration for four months.  Mr. Hicks finally claims the DOC and the DOC's Private Prison Monitoring Unit allowed numerous procedures to be violated and failed to take action in response to his reports that his religious and mental health rights were violated.  Mr. Hicks also includes within his third claim vague allegations regarding a falsified disciplinary report, his placement in a medium custody facility, and a failure to award good time credits.

Mr. Hicks fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to allege clearly and concisely when his rights were violated, what specific rights were violated, and how each Defendant personally participated in the asserted violations of his rights.  Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Hicks will be directed to file an amended complaint.  Mr. Hicks must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is

asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Mr. Hicks is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Hicks should name as Defendants only those persons he contends actually violated his federal rights. A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Accordingly, it is

ORDERED that Mr. Hicks file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Hicks shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hicks fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge